**SO ORDERED.**

**SIGNED this 17 day of April, 2008.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

**IN RE:**

**TIMOTHY G. DUPPSTADT,**

      **DEBTOR.**                            **CASE NO. 08-01138-8-JRL**
                                                        **Chapter 13**

_____

**ORDER**

This matter is before the court on the debtor's motion to avoid the judgment lien of Jim

Bishop Cabinets, Inc.

Section 522(f)(1) allows the debtor to "avoid the fixing of a lien on an interest of the debtor

in property to the extent that such lien impairs an exemption to which the debtor would have been

entitled under subsection (b) . . . ." 11 U.S.C. § 522(f)(1). Because exemptions are determined on

the petition date, a lien must ordinarily exist on the petition date to impair an exemption. In re

Pettaway, Case No. 02-02619-08-JRL (Bankr. E.D.N.C. Mar. 10, 2004).

The debtor asserts that Jim Bishop Cabinets, Inc. obtained a money judgment in the amount

of approximately $12,895.64 plus interest and $1,934.35 reimbursement for attorneys fees against

the debtor on September 6, 2007 in Guilford County, North Carolina. According to the debtor's

petition and schedules, the debtor does not own real property in Guilford County to which a judgment lien would attach. While the debtor claims that the judgment impairs his homestead exemption granted to the debtor under N.C. Gen. Stat. § 1C-1601(a)(1), the debtor has not claimed an exemption in property located in Guilford County. As the judgment was unsecured on the petition date, the discharge injunction has invalidated the underlying debt and deprived the judgment any legal effect.

Based on the foregoing, the court DENIES the debtor's motion to avoid the lien of Jim Bishop Cabinets, Inc.

"**END OF DOCUMENT**"